IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER ON** |
| Plaintiff, | ) | **DISCOVERY MOTIONS** |
| | ) | |
| vs. | ) | |
| | ) | Criminal Case Nos. |
| Jorge Manuel Arandas, et. al, | ) | 3:06-cr-14; |
| | ) | |
| Defendants. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:06-cr-45-01; and |
| | ) | |
| Ramon Hernandez Martinez, a/k/a Razor, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3-07-cr-10 |
| | ) | |
| Rosalba Botello-Ochoa, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court are various motions pertaining to discovery.  Defendant Tapia moved the

Court to Compel Meaningful Discovery (Doc. #516 in 3:06-cr-14), requesting such information as

transcripts, criminal records, and witness and exhibit lists.  Defendant Arandas moved the Court to

Compel Usable Discovery (Doc. #594 in 3:06-cr-14), requesting hard copies of all discovery

1

documents, transcripts, and indices.  Defendants Gabriel Martinez and Ramon Martinez joined in Arandas's motion (Docs. #615 and 610, respectively, filed in 3:06-cr-14).

The Court held a hearing on various continuance and discovery motions filed in Case 3:06-cr-14 on April 12, 2007.  The Court subsequently Ordered consolidation of the trial for Fernando Andrew Tapia (3:06-cr-14-20) and Ramon Hernandez Martinez (3:06-cr-45-01) with the four defendants in   United States v. Botello-Ochoa, et. al., 3:07-cr-10.  Unless otherwise specified, the discovery issues raised here are relevant for all defendants who are awaiting trial in cases 3:06-cr-14, 3:06-cr-45, and 3:07-cr-10.

Discovery in Paper Form.  It is the Court's understanding that seven attorneys have requested the discovery in print form -- Mr. Hoy, Mr. Dickson, Mr. Sindel, Mr. Flagstad, Mr. Nodland, Mr. Espeseth, and Mr. Meyer.  This appears to be a reasonable and necessary expense, and the request is therefore **GRANTED.**

The Court is in possession of a single DVD containing virtually all the printed materials, which it will provide to Sir Speedy, 123 University Drive N, Fargo, North Dakota.  Sir Speedy shall produce seven sets of black and white copies.  At this point, no color photocopies will be permitted, and no black and white reproductions of color photos are authorized.  Therefore, the approximately 1,375 color pages will not be reproduced at this time, in any form, using CJA funding.

The Court directs Attorney Robert Hoy to obtain photocopies for all seven requesting attorneys.  He shall then seek CJA funding for interim reimbursement via CJA Form 31, which the Clerk's office is directed to process immediately.

Transcripts of Recorded Interviews.  The Court has been informed that approximately 200

hours of audio have been produced as part of the discovery in this case. Few transcripts have been produced, and defense counsel has described the audio as muffled, garbled, and difficult to hear. The Court does not conclude that the United States has an obligation to transcribe interviews. See United States v. Gee, 695 F.2d 1165, 1167-69 (9th Cir. 1983); United States v. Parks, 100 F.3d 1300 (7th Cir. 1996). Nor does the Court have before it any precedent supporting a blanket authorization for the transcription of any and all interviews. It is reasonable that defendants facing the death penalty should have access to transcripts of the audio recordings. However, the United States has not certified this case, as to any defendant, as a capital case. The Court is unwilling, at this point, to authorize transcription of the recordings. If this case is certified as to one or more defendants, counsel for those defendants may file specific, detailed motions indicating which interviews are sought, the name of the individual or business that will so transcribe, and the expected cost. At this point, however, the request for transcription is **DENIED.**

Discovery Index. Numerous defendants have requested an index to the discovery materials be provided by the government. Based on the statements made by Mr. Myers during the hearing, such an index does not exist and the request is therefore **DENIED.** However, the United States is strongly encouraged to assist the defense attorneys, especially those representing the so-called "smaller players," by indicating what interviews or portions of the discovery materials may tend to contain information specifically relevant to a given defendant.

Discovery Stipulations and Protective Orders. At this time, the Court is not persuaded that the discovery stipulations and protective orders should be withdrawn. Concern for the health and safety of the defendants, their attorneys, and other persons outweighs any harm caused by leaving

the discovery stipulations in place.  This request is therefore **DENIED.**  However, the discovery stipulations and protective orders will be modified by Order of this Court at a later date, as needed, in order to allow defendants in custody access to discovery on government laptop computers.

"Full and Complete Discovery."  The remaining issues presented by Defendants, including concerns with Brady, Giglio, exhibit lists, witness lists, and plea agreements, are **DENIED** as **MOOT**.  No party has made a showing that the government is failing to follow the Rules of Criminal Procedure or controlling precedent as it pertains to discovery, and the Court will not issue an order on these items without such a showing.

**IT IS SO ORDERED**.

Dated this 22nd day of May, 2007.

        /s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court